UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 194** | **CIVIL ACTION NO.** |
| **SHREVEPORT ELECTRICAL HEALTH AND WELFARE FUND** | **SECTION NO.** |
| **SHREVEPORT ELECTRICAL INDUSTRY PROFIT SHARING PLAN** | **JUDGE:** |
| **SHREVEPORT JOINT APPRENTICESHIP AND TRAINING FUND** | **MAGISTRATE:** |
| **versus** | |
| **TRIO ELECTRIC COMPANY, INC.** | |

---

## COMPLAINT

---

### FOR BREACH OF LABOR AGREEMENT
### AND COLLECTION OF DELINQUENT CONTRIBUTIONS

Through undersigned counsel, come Plaintiffs, International Brotherhood of Electrical Workers, Local 194, Shreveport Electrical Health and Welfare Fund, Shreveport Electrical Industry Profit Sharing Plan, and the Shreveport Joint Apprenticeship and Training Fund (collectively, "Funds"), who bring this complaint against Trio Electrical Company, Inc., for a payroll audit and collection of delinquent contributions.

1.

This action is brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 and 1145, and §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

2.

Subject matter jurisdiction over this complaint is conferred on this Court by 28 U.S.C. §§1331 and 1367; §502(e) of ERISA; and 29 U.S.C. §§1132(e); and by §301(c) of the LMRA, 29 U.S.C. §185(c). All state law claims are attached to the federal causes of action via supplemental or pendant jurisdiction.

3.

This Court has personal jurisdiction over the Defendant under §§502(e) (2) of ERISA, 29 U.S.C. §1132(e) (2) and §301 of the LMRA, 29 U.S.C. §185(c).

4.

Venue is proper in the Western District of Louisiana, where the breach took place, and where the Defendant is domiciled and doing business under §502(e) (2) of ERISA, 29 U.S.C. §1132(e) (2) and §301 of the LMRA, 29 U.S.C. §185(a).

5.

Plaintiff Shreveport Electrical Health and Welfare Fund (herein "Welfare Fund") is an "employee benefit plan" as defined in §3(1) of ERISA as amended, 29 U.S.C. §1002(1), established by the International Brotherhood of Electrical Workers, Local 194 and employers in an industry affecting commerce, whose employees are represented by that Union, for the purpose of providing health and welfare benefits to the employees. The Welfare Fund is authorized to sue

2

in its own name by §501(d)(1) of ERISA, 29 U.S.C. §1132(d)(1). The Welfare Fund is administered by its Third-party administrator Southern Benefit Administrators ("TPA") located at 2001 Caldwell Dr, Goodlettsville, TN 37072.

6.

Plaintiff Shreveport Electrical Industry Profit Sharing Fund ("Profit Sharing Fund") is a multiemployer plan within the meaning of 29 U.S.C. §1002(37), having been organized pursuant to 29 U.S.C. §186(c)(6) and established by the International Brotherhood of Electrical Workers, Local 194 and employers in an industry affecting commence, whose employees are represented by that Union, for the purpose of providing retirement benefits to the employees.  The Profit Sharing Fund is authorized to sue in its own name by 501(d)(1) of ERISA, 29 U.S.C. Section 1132(d)(1). The Profit Sharing Fund is administered by its Third-party administrator Southern Benefit Administrators ("TPA") located at 2001 Caldwell Dr, Goodlettsville, TN 37072.

7.

Plaintiff Shreveport Joint Apprenticeship and Training Fund ("JATF") is an employee welfare benefit fund within the meaning of 29 U.S.C. §1002(1), having been organized pursuant to 29 U.S.C. §186(c)(6) and established by the International Brotherhood of Electrical Workers, Local 194 and employers in an industry affecting commerce, whose employees are represented by that Union, for the purpose of providing education and training benefits to the employees. The JATF is authorized to sue in its own name by 501(d)(1) of ERISA, 29 U.S.C. Section 1132(d)(1). The JATF is self-administered at its principal place of business located at 1013 B Gould Drive, Bossier City, LA 71111.

8.

Plaintiff International Brotherhood of Electrical Workers, Local 194 ("Local 194"), is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5), and an employee organization within the meaning of 29 U.S.C. § 1002(4). Local 194 is located at 5510 Buncombe Road, Shreveport, Louisiana 71129.

9.

Defendant, TRIO ELECTRIC COMPANY, INC. ("TRIO"), is a Louisiana Company. It has been at all material times an "employer" within the meaning of §3(5) of ERISA, 29 U.S.C. §§152(2) and 1002(5). It has at all material times been engaged as a contractor or subcontractor in the industry of residential and commercial electrical work, and as such, has been and continues to be an employer in an "industry affecting commerce" as defined in §3(12) of ERISA, and 29 U.S.C. §1002(12). It is domiciled and does business out of an office and facility located in Monroe, Louisiana. Trio Electric may be served by delivering a copy of the summons to its registered agent for service of process, Charles Young, at 1395 Highway 134, Monroe, Louisiana 71203.

10.

On January 4, 2005, Charles Young, owner of TRIO, signed a Letter of Assent binding TRIO to Collective Bargaining Agreement ("CBA") between North Louisiana Chapter, Inc., National Electrical Contractors Association and Local 194. The Letter of Assent bound TRIO to the CBA effective January 4, 2005 and remains in effect year after year until terminated.

4

11.

As a party to the CBA, TRIO agreed to be bound by the CBA and Declarations of Trust and Plan Documents of the Funds, which require TRIO to pay fringe benefit contributions to the Funds at an hourly rate for all journeymen, foremen and apprentices.

12.

Pursuant to the terms of the CBA, TRIO is required to remit contributions and send monthly reports to the Funds' respective Administrative Offices on or before the eighteenth (18th) day of the month following the month on which the remittance reports and contributions are based (the "Work Month").

13.

Pursuant to the CBA and each Funds' respective Trust Document, the Funds have the right to engage in periodic audits of their signatory contractors to ensure compliance with the terms of the labor agreements, Trust Documents, and the Funds' Payroll Audit Procedures.

14.

In or about October 2018, the Welfare and Profit Sharing Funds initiated a payroll compliance audit for TRIO covering the period from October 1, 2016 through September 30, 2018.

15.

On or about October 8, 2018, the TPA sent a letter to TRIO informing TRIO that it had been selected for a compliance audit and requested that TRIO cooperate with the independent auditor selected to conduct the audit.

16.

On or about October 29, 2018, TRIO provided to the auditor the name of TRIO's records custodian and location of the records to be examined; however, despite multiple requests for documents needed to complete the audit, TRIO only provided payroll records for a two-week period in October 2016.

17.

On or about June 12, 2019, a letter was mailed to TRIO demanding it provide the auditor with the requested information within 10 days of the letter.

18.

Although TRIO has provided some of the requested information, despite two additional written demands seeking compliance, TRIO  has failed to cooperate and provide all the requested payroll records for the Funds' auditor to determine whether any amounts are properly due to the Funds for the period October 1, 2016 through September 30, 2018.

19.

The Funds have since made the decision to expand the audit period from the original end date of September 30, 2018 to present, adjusting the payroll audit demand period to October 1, 2016 through the present.

20.

Accordingly, the Funds seek a full payroll audit covering the period from October 1, 2016 through the present.

21.

TRIO is liable for unpaid contributions, accruing contributions, liquidated damages, interest, and costs revealed as a result of the audit in accordance with §§502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145 and §301 of the LMRA, 29 U.S.C. §185.

22.

The Funds are entitled to recover all costs incurred in exacting compliance under the CBA Agreement, Plan Documents, and Trust Agreements, including the actual costs of the audit, attorneys' fees, and costs of the litigation.

23.

A copy of this Complaint is being served upon the Secretary of Labor and Secretary of Treasury by certified mail as required by 29 U.S.C. §1132(H).

**WHEREFORE**, the Plaintiffs pray that this Court deem this Complaint sufficient and after a trial on the merits, find for the Plaintiffs granting the following in accordance with §502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145 and §301 of the LMRA, 29 U.S.C. §185:

a) Permitting the Funds to conduct an audit of TRIO's payroll and other relevant documents and records at TRIO's cost, covering the period from October 1, 2016 through the present;

b) Payment of all unpaid contributions and accruing contributions owed to the Funds;

c)    Payment of late fees/interest in accordance with the CBA and the Funds' Delinquency Procedures;

d)    Payment of liquidated damages in accordance with ERISA, the CBA, and the Funds' Delinquency Procedures;

e)    Awarding the Funds reasonable attorneys' fees and costs of the litigation, including all costs of the audit; and

f)    Awarding the Funds any and all other legal or equitable relief to which they are entitled and that this Court deems appropriate.

Respectfully submitted,

**ROBEIN, URANN, SPENCER, PICARD & CANGEMI, APLC**

Laura Cline (LA Bar No. 37074)
Maria Cangemi (LA Bar No. 20136)
2540 Severn Avenue, Suite 400
Metairie, Louisiana 70002
Telephone:  (504) 885-9994
Facsimile:   (504) 885-9969
Email: lcline@ruspclaw.com

*ATTORNEYS FOR PLAINTIFFS*

**PLEASE SERVE:**

Trio Electric Company, Inc
Through its Registered Agent
Charles Young
1395 Highway 134
Monroe, Louisiana 71203

8

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C.§1132(h) this __24th__ day of _____April_____, 2020 on the following:

| | |
|---|---|
| Steven Mnuchin<br>Secretary of the Treasury<br>15th and Pennsylvania Avenue, N.W.<br>Washington, DC  20220 | R. Alexander Acosta<br>Secretary of Labor<br>U.S. Department of Labor<br>200 Constitution Avenue, N.W.<br>Washington, DC  20002 |

/s/ _Laura Cline_
Laura Cline